IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **HENRY LEE JONES, # 455040,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-cv-00459 |
| | ) | |
| **JUSTYNA GARBACZEWSKA** | ) | **JUDGE CAMPBELL** |
| **SCALPONE**, *et al.*, | ) | **MAGISTRATE JUDGE HOLMES** |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Henry Lee Jones, who is currently in the custody of the Riverbend Maximum Security Institution in Nashville, Tennessee, has filed a pro se complaint alleging violations of Plaintiff's civil rights. (Doc. No. 1). The complaint is before the Court for initial review pursuant to 28 U.S.C. § 1915A.

### I. FILING FEE

Plaintiff filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2). Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting documentation, it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) will be granted.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder

1

in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Riverbend Maximum Security Institution to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the

2

Case 3:25-cv-00459    Document 8    Filed 06/12/25    Page 2 of 8 PageID #: 162

custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II.  SCREENING THE COMPLAINT

### A. PLRA Screening Standard

The complaint as amended is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief.  Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

3

**B. Section 1983 Standard**

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009); 42 U.S.C. § 1983.

**C. Facts Alleged in the Complaint**

Plaintiff was convicted of murder and sentenced to death in Tennessee state court and sues 10 attorneys who represented him in his state capital trial, appeals, and postconviction proceedings. (Doc. No. 1 at PageID# 1−4). Four of these attorneys—Justyna Garbaczewska Scalpone, Kelly Gleason, Andrew Harris, and Kayleigh Butterfield—are employed by the Tennessee Office of the Post-Conviction Defender. (Doc. No. 1 at PageID# 1−2). Two of them— James Gulley and James Thomas—were appointed by the Shelby County Court. (*Id.* at PageID# 3−4). And the remaining three—Robert Parris, Michael Scholl, and Jacob Erwin—are private attorneys. (*Id.* at PageID# 3).

Plaintiff alleges that Defendants provided ineffective assistance at trial, on appeal, and in postconviction proceedings and failed to remedy various civil rights violations Plaintiff faced while in custody. (Doc. No. 1 at PageID# 5) ("Jones is filing a claim against his court appointed counsels for failure to protect/guard his constitutional rights under U.S. 6th Amendment."). Specifically, the complaint alleges that Defendants failed to investigate DNA evidence, failed to challenge his extradition from Florida to Tennessee, failed to investigate Plaintiff's allegedly illegal arrest, failed to raise Fourth Amendment challenges to various evidence, failed to argue

ethical misconduct by state actors, failed to alert the trial court to the withholding of evidence, participated in "kidnaping" of Plaintiff by way of unlawful extradition, and failed to take action to protect Plaintiff from harassment, physical and sexual abuse, and mail tampering while Plaintiff was in custody following his conviction and death sentence. (Doc. No. 1-2 at PageID# 65−120).

**D. Analysis**

Plaintiff purports to bring claims against Defendants in their individual and official capacities. (Doc. No. 1 at PageID# 1−4). He seeks compensatory and punitive damages. (Doc. No. 1-2 at PageID# 112−18). The Court addresses Plaintiff's individual-capacity claims and official-capacity claims separately.

1. <u>Individual-Capacity Claims</u>

Title 42 U.S.C. § 1983 creates liability only as to individuals acting "under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the District of Columbia." Courts routinely paraphrase this requirement as a defendant acting "under [] color of state law." *See*, *e.g.*, *Dominguez,* 555 F.3d at 549. It is a required element of any Section 1983 claim. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49−50 (1999) ("To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.").

"Criminal defense attorneys are not considered state actors for purposes of suit under 42 U.S.C. § 1983. Thus, regardless of whether Plaintiff might be able to bring malpractice claims against these attorneys in state court, he cannot bring suit against them in federal court for violation of his federal constitutional rights." *Pearson v. Mooris*, No. 3:15-cv-0578, 2015 WL 3540857, at *2 (M.D. Tenn. June 3, 2015); *see Polk Cnty v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public

5

defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

Because Plaintiff has failed to allege facts from which the Court may infer that any Defendant acted under color of state law, his individual-capacity claims against all Defendants will be dismissed for failure to state a claim upon which relief may be granted.

   2. Official-Capacity Claims

An official capacity suit is, in all respects other than the name, to be treated as a suit against the entity. *See Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009). But Plaintiff alleges that Defendants Parris, Scholl, and Erwin are private attorneys (Doc. No. 1 at PageID# 3−4), and he does not allege that they represented any government authority at any time relevant to his claims. Accordingly, all official-capacity claims against these Defendants will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff alleges that Defendants Garbaczewska Scalpone, Gleason, Harris, and Butterfield were employees of the Tennessee Office of the Post-Conviction Defender, a state agency. (Doc. No. 1 at PageID# 1−2). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Accordingly, all official-capacity claims against these Defendants will be dismissed for failure to state a claim upon which relief may be granted.

Finally, Plaintiff alleges that Defendants Gulley and Thomas were appointed by the Shelby County Court. (Doc. No. 1 at 3−4). Reading the Complaint in the light most favorable to Plaintiff, the Court infers that these Defendants were employees of Shelby County for at least some time relevant to the allegations in the complaint. An official-capacity claim against a Shelby County employee is functionally a suit against Shelby County. *See Alkire v. Irving*, 330 F.3d 802, 810

6

Case 3:25-cv-00459   Document 8   Filed 06/12/25   Page 6 of 8 PageID #: 166

(6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)) ("[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent.").

"Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 60−61 (2011) (citation omitted); *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978) ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort.").

Here, Plaintiff does not allege facts from which the Court may infer that a Shelby County official policy or widespread practice caused him any constitutional injury. Accordingly, his official-capacity claims against Defendants Gulley and Thomas will be dismissed for failure to state a claim upon which relief may be granted.

### III. MOTIONS

All of Plaintiff's claims have been dismissed for failure to state a claim upon which relief may be granted. Plaintiff's "Motion Request for Counsel" (Doc. No. 5), "Motion Demand[ing] [a] Jury Trial Not [a] Magistrate Judge Involving Capital Due Process Violation" (Doc. No. 6), and "Motion of Burden of Proof" (Doc. No. 7) will therefore be denied as moot.

### IV. CONCLUSION

Plaintiff's IFP Application (Doc. No. 2) is **GRANTED**.

All of Plaintiff's claims, and therefore his complaint, are **DISMISSED** for failure to state a claim under Section 1983 upon which relief may be granted.

Plaintiff's "Motion Request for Counsel" (Doc. No. 5), "Motion Demand[ing] [a] Jury Trial Not [a] Magistrate Judge Involving Capital Due Process Violation" (Doc. No. 6), and "Motion of Burden of Proof" (Doc. No. 7) are **DENIED** as moot.

This Order resolves all claims in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

Any appeal from this Order would not be taken in good faith, because Plaintiff has no objectively reasonable argument that his claims were improperly dismissed. *See* Fed. R. App. P. 24(a)(3)(A).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE